■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORMAN KNIGHT, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant failed to preserve his challenges to the court's charge, and we decline to review his claims in the interest of justice. Moreover, were we to review the claims, we would find that the court's instructions, if in fact erroneous, did not deprive defendant of a fair trial. (Appeal from Judgment of Monroe County Court, Wisner, J.—Robbery, 3rd Degree.) Present—Dillon, P. J., Callahan, Denman, Boomer and Lowery, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BURNIE DANIELS, Appellant.—Judgment unanimously affirmed. Memorandum: There was no violation of defendant's right to be brought to trial, pursuant to the Interstate Agreement on Detainers (CPL 580.20), within 180 days after written notice of request is delivered to the District Attorney and the court. Defendant's request pursuant to the Interstate Agreement was dated May 12, 1989, and the trial commenced on October 23, 1989, within 180 days of the request.

The notice of request dated April 3, 1989, upon which defendant relies, is deficient because it refers to California Penal Code § 1381 and demands that defendant be brought to trial within 90 days from the receipt of the notice. California Penal Code § 1381 requires the commencement of the trial of an indictment pending within the State of California within 90 days of the delivery to the District Attorney of a notice of request. Unlike the requirement of the Interstate Agreement on Detainers, that section does not require the prison authorities to send the notice of request to the court in which the indictment is pending, but only to the appropriate District Attorney. Here, the notice of April 3, 1989, was not sent to the court in New York. When the District Attorney subsequently received the notice dated May 12, 1989, he was entitled to rely upon defendant's request that he be brought to trial within 180 days of the receipt of that request and he cannot be penalized for not complying with the notice of request dated April 3, 1989, which was apparently designed to secure a prompt trial on any indictments pending in the State of California. (Appeal from Judgment of Monroe County Court, Marks, J.—Unlawful Imprisonment, 2nd Degree.) Present—Dillon, P. J., Callahan, Denman, Boomer and Lowery, JJ.